[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2010
JOHN LEY
CLERK

No. 09-12792
_____

D. C. Docket No. 04-00014-CR-BAE-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JENNIFER BLAINE,
a.k.a. Jennifer Walker,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 29, 2010)

Before HULL and MARCUS, Circuit Judges, and WHITTEMORE,[*] District
Judge.

---

[*]Honorable James D. Whittemore, United States District Judge for the Middle District of
Florida, sitting by designation.

HULL, Circuit Judge:

Defendant Jennifer Blaine appeals the district court's (a) denial of her 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 706 to the Sentencing Guidelines, (b) denial of her motion for reconsideration, and (c) denial of her motion for appointment of counsel in her § 3582(c)(2) proceedings. After review and oral argument, we affirm in part and dismiss in part.

## I.  FACTUAL BACKGROUND

### A.    Blaine's 2004 Sentence

On September 22, 2004, Defendant Jennifer Blaine ("Blaine") pled guilty to distribution of 5 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a).

The Presentence Investigation Report ("PSI") assigned Blaine a criminal history category of II based on: (1) one point for a 2001 affray conviction, and (2) two points for being on probation for the affray conviction when she committed the instant cocaine offense.  The PSI reported Blaine's total offense level was 32,[1] and

---

[1] Blaine's base offense level for her drug conviction was determined with reference to "[t]he offense level specified in the Drug Quantity Table set forth in subsection (c)."  U.S.S.G. § 2D.1.1(a)(3) (2004).  The PSI attributed to Blaine a drug quantity of 134.6 grams of crack cocaine based on the drugs involved in the transactions on February 6, 2002, February 21, 2002, and August 28, 2002.  Pursuant to the 2004 version of the Drug Quantity Table, the PSI assigned Blaine a base offense level of 32 because her offense involved at least 50 grams but less than 150 grams of crack cocaine.  See U.S.S.G. § 2D1.1(c)(4)(2004).  Blaine did not appeal the district court's drug quantity finding or the district court's guidelines calculations based on that

Blaine's criminal history category was II, yielding an advisory guidelines range of 135 to 168 months' imprisonment.

At the sentencing hearing, the district court removed the two criminal history points for being on probation, and thus Blaine's criminal history became category I. The government did not object to the reduction of Blaine's criminal history from category II to I.[2] Based upon a total offense level of 32 and a criminal history category of I, Blaine's advisory guidelines range became 121to 151 months' imprisonment.

At sentencing, the probation officer testified that Blaine had tested positive for cocaine after pleading guilty but prior to sentencing. The probation officer also pointed out that reducing Blaine's criminal history to category I made her eligible for a safety valve reduction. In response, the district court said, "I will consider it,

---

drug quantity finding.

[2]The district court stated, "I think I will roll back those two points. Recalculate it [Probation Officer] Highsmith." The district court confirmed that the government had no objection to recalculating Blaine's criminal history, but stated, "While I'm ruling against the probation officer, I think legally he is correct . . . ." This colloquy then occurred:

> District Court: What is the Total Offense Level now.
> Mr. Highsmith: It would stay at 32.
> District Court: All right.
> Mr. Highsmith: And the Criminal History Category would be one.
> District Court: All right.
> Mr. Highsmith: That would be 121 months to 151 months imprisonment.
> District Court: Very good. Now, does the government wish to be heard as
> to the appropriate sentence, Mr. Kramer?
> Mr. Kramer: No, Your Honor. We do not.

but I'm not going to implement it." The district court sentenced Blaine to 121 months' imprisonment, which was at the low end of the advisory guidelines range.

In its subsequent written Statement of Reasons dated December 15, 2004, the district court indicated that it was adopting the PSI and guidelines applications without change. The Statement of Reasons did not refer to a category I criminal history, but stated that Blaine's total offense level was 32, her criminal history category was II, and imprisonment range before departures was 135 to 168 months. The Statement of Reasons indicated that a U.S.S.G. § 4A1.3 departure below the guidelines range was appropriate because "a criminal history category of II substantially over-represents the seriousness of the defendant's criminal history."

Blaine did not appeal her original 121-month sentence. On June 7, 2005, Blaine filed a motion to vacate her crack cocaine conviction, which was denied by the district court on October 24, 2005.

## B. Blaine's 2008 Motion under § 3582(c)(2)

In 2007, the Sentencing Commission promulgated amendments to the Sentencing Guidelines, which retroactively lowered, by two levels, most of the base offense levels applicable to crack cocaine offenses. See U.S.S.G. app. C, amends. 706, 713. The amended Drug Quantity Table provides for a base offense level of 30 for offenses involving at least 50 grams but less than 150 grams of

crack cocaine.  See U.S.S.G. § 2D1.1(c)(5)(2009).  Thus, after Amendment 706, the applicable base offense level for Blaine's offense was lowered from 32 to 30.

On January 25, 2008, Blaine filed a motion for the appointment of counsel to assist her in filing a sentencing reduction motion under 18 U.S.C. § 3582(c)(2).  In an order dated March 5, 2008, the magistrate judge denied Blaine's motion to appoint counsel.

On March 11, 2008, Blaine filed, pro se, a § 3582(c)(2) motion to reduce her 121-month sentence based on Amendment 706.  On June 23, 2008, the district court denied Blaine's §3582(c)(2) motion.  The district court found that Blaine's previous offense level was 32, she had a criminal history category of II, with a resulting advisory guidelines range of 135 to 168 months' imprisonment. Applying Amendment 706's two-level reduction, the district court found that Blaine's amended offense level was 30 and her criminal history category was II, with a resulting amended guidelines range of 108 to 135 months' imprisonment. The district court then found that Blaine's original 121-month sentence fell within her new guidelines range of 108 to 135 months, that the sentencing court had departed below Blaine's original guidelines range of 135 to 168 months, and that "a sentence of 121 months adequately addresses the sentencing factors found at 18

U.S.C. § 3553(a)."[3]

Blaine had 14 days, or until July 7, 2008, to appeal the denial of her § 3582(c)(2) motion. See Fed. R. App. P. 4(b)(1)(A).[4] Blaine did not file a notice of appeal within that time frame.

## C.     Blaine's Motion for Reconsideration

On July 16, 2008, Blaine filed a motion for reconsideration of the June 23, 2008 denial of her § 3582(c)(2) motion. Blaine's motion for reconsideration was filed 23 days after that June 23 denial.

Blaine's motion for reconsideration argued that, in denying her § 3582(c)(2) motion, the district court incorrectly recalculated Blaine's new base offense level and new guidelines range in accordance with the findings of the court during the original sentencing. Blaine pointed out that (1) her original sentence was based on an offense level of 32 and a criminal history category of I, resulting in an advisory

_____

[3]The same district court judge who originally sentenced Blaine and wrote the Statement of Reasons also ruled on Blaine's motions in her § 3582(c) proceedings.

[4]In 2008 and until December 1, 2009, former Rule 4(b) gave a criminal defendant ten days from the entry of the order appealed to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i) (2009). The current filing deadline of fourteen days in Rule 4(b) went into effect on December 1, 2009. The Supreme Court's order amending the Federal Rules of Appellate Procedure instruct that the amendments "shall govern all proceedings in appellate cases" commenced after December 1, 2009 "and, insofar as just and practicable, all proceedings then pending." Order of March 26, 2009.
    Because Blaine's appeal before this Court was pending as of December 1, 2009, and the amendments have no material effect on the outcome of this appeal, we exercise our discretion and apply the amended fourteen-day period in Rule 4(b) throughout this opinion.

guidelines range of 121 to151 months, (2) that her 121-month sentence was at the low end of that initial range, (3) that a two-level reduction in her base offense level (based upon Amendment 706) results in a base offense level of 30, which with her criminal history of category I, yields a new advisory guidelines range of 97 to121 months, and (4) that her new sentence should be 97 months, which is at the low end of that recalculated range.[5]

On April 9, 2009, the district court denied Blaine's motion for reconsideration for the same reasons stated in its earlier denial of Blaine's § 3582(c)(2) motion.

## D.    Blaine's Notice of Appeal

Blaine then filed a notice of appeal, in which she, <u>pro se</u>, appealed the district court's orders entered on March 5, 2008 (denial of counsel), June 23, 2008 (denial of § 3582(c)(2) motion), and April 9, 2009 (denial of motion of

---

[5]Blaine's motion for reconsideration also argued that, at the original 2004 sentencing, the district court erred by using the 134.6 grams-quantity (the PSI attributed to Blaine) to determine Blaine's initial offense level of 32. Blaine's motion argued that the 134.6-gram amount was not admitted during her guilty plea or submitted to a jury and proven beyond a reasonable doubt. Blaine's motion contended that the district court was required to use only the 18 to 20 gram amount to which she stipulated at the time of her negotiated guilty plea and that in 2004 her correct base offense level was 26, which, after Amendment 706, should be reduced to level 24. Blaine does not raise this argument on appeal, and, in any event, this argument is outside the limited scope of a § 3582(c)(2) proceeding. See United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000) (explaining that in § 3582(c)(2) proceedings, "all original sentencing determinations remain unchanged with the sole exception of" the amended guideline, which the district court substitutes to recalculate the guidelines range before deciding whether to exercise its discretion to either impose a new sentence or retain the old sentence).

reconsideration). Attached to Blaine's notice of appeal was a statement signed by Blaine certifying that on April 16, 2009 she placed the notice of appeal in the hands of prison officials with first class postage for mailing. However, Blaine's notice of appeal was not docketed in the district court until May 29, 2009.

On August 18, 2009, the district court entered an order granting Blaine's motion to appeal in forma pauperis. In that order, the district court addressed Blaine's original 121-month sentence and the issue of whether that court had actually ruled that Blaine's criminal history was category I or whether it had granted a downward departure at the original sentencing, stating:

> At sentencing, Blaine's counsel effectively argued that such a history did not justify assigning Blaine a criminal history category of II. Thus, the Court sentenced her to 121 months, which was the lowest sentence in the range that she would have been assigned if she had been assigned a criminal history of I. The Court felt that this sentence best served the interests of justice. The government agreed with the sentence and did not object to the Court's action.
>
> There is confusion over whether the Court originally granted Blaine a downward departure or whether it had actually ruled that her criminal history should be I. After reviewing the sentencing transcript, there is certainly language supporting Blaine's contention that the Court found that she had a criminal history of I. On the other hand, the Court noted that the parole officer was "legally correct" to assign Blaine a criminal history category of II. When this Court ruled on Blaine's motion for a sentence reduction, its view was that it had originally "departed below [Blaine]'s original guideline range." Admittedly, the Court could have made it clearer during sentencing whether it was granting a downward departure or actually ruling that Blaine's criminal history should be I.
>
> In any event, even if Blaine's sentencing guideline range were

8

recalculated based on a criminal history of I, Blaine's current sentence would fall within the amended guideline range (albeit at the high end) of 97 to 121 months. In denying Blaine's motion for a sentence reduction, the Court found that the sentence falls within the amended guideline range and adequately addresses the sentencing factors set forth in 18 U.S.C. § 3553(a). That remains true whether Blaine's sentence was originally calculated based on a criminal history of I or II.

(Citations omitted, brackets in original.) Of importance here is the district court's determination that it would impose the same 121-month sentence whether Blaine's criminal history category was I or II.

E.      **Briefing on Appeal as to § 3582(c) Proceedings**

On August 31, 2009, Blaine, pro se, filed her brief on appeal. On September 28, 2009, the government filed its brief claiming Blaine's appeal was not timely filed.

On January 19, 2010, this Court appointed counsel for Blaine and directed the parties to file supplemental briefs addressing these issues: (1) Whether Blaine's pro se notice of appeal was timely filed as to either the denial of Blaine's 18 U.S.C. § 3582(c)(2) motion to reduce her sentence or the denial of Blaine's motion for reconsideration; and (2) whether, in light of Eberhart v. United States, 546 U.S. 12, 126 S. Ct. 403 (2005), this Court has jurisdiction although Blaine's motion for reconsideration was dated July 16, 2008, more than fourteen days after entry of the district court's June 23, 2008 order denying Blaine's § 3582(c)(2) motion.

9

## II. DISCUSSION

On appeal, the government argues that Blaine's notice of appeal was docketed on May 29, 2009, and is untimely as to both (1) the April 9, 2009 denial of her motion for reconsideration and (2) the June 23, 2008 denial of her § 3582(c) motion. Blaine replies that she timely submitted her notice of appeal to prison officials on April 16, 2009, making it timely as to the April 9, 2009 denial of her motion for reconsideration. Blaine also contends her motion for reconsideration tolled the time for appealing the June 23, 2008 denial of her § 3582(c) motion. We first review the relevant general principles and then apply them to Blaine's appeal.[6]

### A. Time Requirements for Notice of Appeal

To be timely, a defendant's notice of appeal in a criminal case must be filed in the district court no later than fourteen days after the challenged order is entered. See Fed. R. App. P. 4(b)(1)(A). However, unlike the civil appeal rules, the deadline in Rule 4(b) for criminal defendants is not jurisdictional because it is not grounded in a federal statute. United States v. Lopez, 562 F.3d 1309, 1311-13 (11th Cir. 2009). Nevertheless, this Court must apply the Rule 4(b) time limits upon objection by the government to a defendant's untimely notice of appeal. Lopez, 562 F.3d at 1313. Specifically, this Court, in Lopez, held that "[t]ime

___

[6]We review questions of appellate jurisdiction de novo. United States v. Cartwright, 413 F.3d 1295, 1299 (11th Cir. 2005).

limitations in court-adopted rules of procedure are not jurisdictional; those deadlines provide rules for processing claims that 'assure relief to a party properly raising them, but do not compel the same result if the party forfeits them.'" Id. at 1312 (quoting and applying rule recognized in Eberhart v. United States, 546 U.S. 12, 19, 126 S. Ct. 403, 407 (2005)). In Lopez, this Court also held that an appellee does not forfeit its objection to an untimely filed notice of appeal by raising it for the first time in its merits brief, noting that "[t]here is no provision in the Federal Rule of Criminal Procedure or the Federal Rule of Appellate Procedure requiring earlier objection to a late notice of appeal." Id. at 1313 (quoting United States v. Garduno, 506 F.3d 1287, 1292 (10th Cir. 2007)).

A notice of appeal filed by a pro se prisoner is deemed filed on the date the prisoner delivers it to prison authorities for mailing or places it in the prison mail system. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir.), cert. denied, __ U.S. __, 129 S. Ct. 2747 (2009). "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Fed. R. App. P. 4(c)(1). Absent evidence to the contrary, there is a presumption that a prisoner delivered her pleading to prison officials on "the day

[she] signed it." See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

**B.   Blaine's Notice of Appeal**

Turning to Blaine's appeal, we recognize that the government's brief on appeal contends this Court should use May 29, 2009 as the date Blaine filed her notice of appeal in her § 3582(c) proceedings. Because Blaine, on April 16, 2009, placed her notice of appeal in the hands of prison officials with first class postage affixed, we use April 16, 2009 as the appeal date and not the May 29, 2009 date her notice of appeal was docketed in the district court. See Houston, 487 U.S. at 276 (concluding that "notice of appeal [is] filed at the time [the prisoner] delivered it to the prison authorities for forwarding it to the court clerk.").

Because Blaine's notice of appeal is deemed filed on April 16, 2009, her notice is timely filed as to the district court's April 9, 2009 denial of Blaine's motion for reconsideration. See Washington, 243 F.3d at 1301. However, Blaine's April 16, 2009 notice of appeal is not timely filed as to the district court's June 23, 2008 order denying her § 3582(c)(2) motion for several reasons, any one of which is sufficient.

First, the government has not forfeited its objection to Blaine's untimely notice of appeal because it properly objected in this Court. Because the

12

government has not forfeited its objection to Blaine's untimely notice of appeal, we must apply the time limits of Rule 4(b). See Lopez, 562 F.3d at 1313. Under Rule 4(b), Blaine had fourteen days from June 23, 2008, or until July 7, 2008, to appeal the district court's denial of her § 3582(c) motion. See Fed. R. App. P. 26(a)(1) (counting every day, including intermediate Saturdays, Sundays and legal holidays).[7] Blaine's notice of appeal was not filed until April 16, 2009, and is therefore untimely under Rule 4(b).

Second, we recognize that Rule 4(b)(4) permits the district court, upon a finding of excusable neglect or good cause, to extend the time for Blaine to file a notice of appeal by no more than thirty days from the fourteen-day deadline of July 7, 2008. See Fed. R. App. P. 4(b)(4); United States v. Ward, 696 F.2d 1315, 1317-18 (11th Cir. 1983). That thirty-day period ended on August 6, 2008, but again, Blaine did not file her notice of appeal until April 16, 2009. After August 6, 2008, the district court, even upon a finding of excusable neglect or good cause, was not authorized to grant Blaine's untimely notice of appeal. Thus, a remand would not

---

[7]Under either the ten-day or the fourteen-day version of Rule 4(b), Blaine's April 16, 2009 notice of appeal is untimely. See supra note 6.

To the extent Blaine's counsel suggests we should treat her § 3582 proceeding as a civil proceeding and use a thirty-day appeal time, this Court and other circuits have already concluded that a § 3582(c)(2) proceeding is not civil in nature. United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (indicating § 3582(c)(2) motions are "a continuation of a criminal case" rather than a "civil post-conviction action like a habeas petition" (quotation marks omitted)); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (same and listing other circuit cases).

13

aid Blaine because her April 16, 2009 notice of appeal would still be untimely even if she showed excusable neglect or good cause.

Third, Blaine's July 16, 2008 motion for reconsideration did not toll the appeal period as to the district court's June 23, 2008 denial of her § 3582(c) motion. Although not expressly authorized by the Federal Rules of Criminal Procedure, a motion for reconsideration of an appealable criminal order will toll the time for filing a notice of appeal if such motion is filed within the appeal period. See United States v. Dieter, 429 U.S. 6, 8-9, 97 S. Ct. 18, 19-20 (1976); United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir. 1992). As noted above, Blaine had fourteen days, or until July 7, 2008, to appeal the June 23, 2008 denial of her § 3582(c) motion. Accordingly, Blaine had to file her motion for reconsideration within fourteen days, or by July 7, 2008, in order to toll the time for filing a notice of appeal. Blaine did not file her motion for reconsideration until July 16, 2008, and thus no tolling occurred.[8]

---

[8]We reject Blaine's argument that her procedural due process rights were violated. "[A] § 3582(c)(2) motion is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines, rather than a challenge to the appropriateness of the original sentence." United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (quotation marks omitted). A defendant bringing a § 3582(c)(2) motion has no statutory or constitutional right to appointed counsel or to a hearing before the district court or to be present at such a hearing. Id. at 795. There is also no statutory or other requirement that district courts in their § 3582(c)(2) orders must advise defendants in writing that they have ten or fourteen days to appeal the ruling on a § 3582(c)(2) motion. Under the mailbox rule, all Blaine had to do was give her notice of appeal to the prison officials by either July 7, 2008, or at least by August 6, 2008, seeking a thirty-day extension

14

For all these reasons, Blaine's notice of appeal is untimely as to the district court's denial of her March 5, 2008 request for appointed counsel and the June 23, 2008 denial of her § 3582(c)(2) motion.[9] We therefore dismiss Blaine's appeal as to these two orders and address only the district court's April 9, 2009 denial of Blaine's motion for reconsideration, the only order for which Blaine's notice of appeal is timely.

## C. Motion for Reconsideration

Blaine argues that the district court should have granted her motion for reconsideration because the district court failed to properly recalculate her guidelines range using a criminal history category I.

We affirm the district court's denial of Blaine's motion for reconsideration because, by the time Blaine filed her motion on July 16, 2008, the district court lacked jurisdiction to modify Blaine's 121-month sentence (reimposed effectively on June 23, 2008). See United States v. Phillips, 597 F.3d 1190, 1198 (11th Cir. 2010). The authority of a district court to modify a sentence "is narrowly limited

---

under Rule 4(b)(4). Given that the rules build in a thirty-day extension for excusable neglect, we see no due process violation where Blaine did not file her notice of appeal until April 6, 2009.

[9]Blaine's April 16, 2009 notice of appeal is even more untimely as to the district court's March 5, 2008 order denying her motion for appointed counsel. Blaine's notice of appeal was not filed within either the fourteen-day period in Rule 4(b)(1)(a) or the thirty-day period in Rule 4(b)(4). Nor did she file a motion for reconsideration within fourteen days of that March 5, 2008 order to toll the time for filing the notice of appeal.

15

by statute." Id. at 1194-95. Under § 3582(c), "a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met." Phillips, 597 F.3d at 1194-95 (citations omitted); see also 18 U.S.C. § 3582(c)(1)-(2). "This Court has held that the seven-day time limit in Rule 35(a) is jurisdictional, and outside of Rule 35(c) there exists no 'inherent authority' for a district court to modify its sentence." Id. at 1196-97.

In its order denying Blaine's § 3582(c)(2) motion, the district court, in fact, modified Blaine's sentencing guidelines range from 135 to 168 months' imprisonment to 108 to 135 months' imprisonment. However, after considering the § 3553(a) factors, the district court reimposed the original 121-month sentence. After ruling on Blaine's § 3582(c)(2) sentencing motion, albeit with no change in the duration of her sentence, the district court's jurisdiction to modify Blaine's sentence was constrained. Once the district court denied Blaine's § 3582(c)(2)

16

motion, the district court did not have authority to modify her sentence except as expressly provided by Rule 35. Phillips, 597 F.3d at 1195 (stating that "absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35"). Under Phillips and Rule 35, the district court had the power to correct any clear error in Blaine's reimposed sentence within seven days of sentencing (i.e., within seven days of denial of Blaine's § 3582(c) motion on June 23, 2008).[10] Because Blaine filed her motion for reconsideration on July 16, 2008, after the seven-day period expired on June 30, 2008, the district court had no jurisdiction to act.

**AFFIRMED IN PART; DISMISSED IN PART.**

---

[10]In Phillips, this Court said, "We recognize that in a § 3582(c)(2) matter, all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing. . . . But the tasks the district court does have in a § 3582 proceeding show it is a sentencing, albeit a truncated one." 597 F.3d at 1198 (citations and internal quotation marks omitted). Although the district court in Phillips granted the defendant's § 3582(c)(2) motion and reduced the sentence by 36 months, id. at 1192, this principle applies equally when the district court, after considering the § 3553(a) factors, concludes that the defendant's sentence should stay the same and denies the § 3582(c)(2) motion on the merits.