[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 00-10426
Non-Argument Calendar

_____

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
MAR 09 2001
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-01043-CV-AH-C


RONALD WASHINGTON, a.k.a. Boo Washington,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(March 9, 2001)**


Before BLACK, MARCUS and COX, Circuit Judges.

PER CURIAM:

We review Ronald Rene Washington's appeal of the district court's dismissal of his 28 U.S.C. § 2255 motion as untimely. We reverse.

Background

In April 1994, Washington was convicted of conspiring to distribute crack cocaine. This court affirmed Washington's conviction and sentence in July 1997. Washington then petitioned the Supreme Court for a writ of certiorari; his petition was denied on October 6, 1997.[1] *See United States v. Washington*, 522 U.S. 895, 118 S. Ct. 239 (1997). Following the denial of his certiorari petition, Washington completed and signed pro se a form § 2255 motion, dating the motion October 6, 1998. Washington's motion was received by the clerk of the district court on October 21, 1998. The Government moved to dismiss, contending that Washington had failed to file his motion within § 2255's one-year statute of limitations. The district court dismissed Washington's motion as untimely. We review the district court's determination de novo. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Discussion

AEDPA provides that, barring other circumstances not relevant here, the one-year limitation period to file a motion to vacate runs from the "date on which the

_____

[1] The district court's finding that the Supreme Court denied Washington's petition on October 9, 1997 was in error.

2

judgment of conviction becomes final." 28 U.S.C. § 2255. This court has yet to address at what point a conviction becomes final in cases where a defendant is unsuccessful on appeal and thereafter files a petition for a writ of certiorari with the Supreme Court. The courts that have addressed the question have uniformly held that the time period begins to run when the Supreme Court either denies certiorari or issues a decision on the merits. *See United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000); *United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir.), *cert. denied*, 121 S. Ct. 188 (2000); *Kapral v. United States*, 166 F.3d 565, 570 (3d. Cir. 1999); *Rogers v. United States*, 180 F.3d 349, 352 (1st. Cir. 1999), *cert. denied*, 120 S. Ct. 958 (2000); *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997). We are persuaded by the analysis of our sister circuits and hold that Washington's conviction became final on October 6, 1997, the day the Supreme Court denied his certiorari petition.

The question therefore becomes whether Washington's motion was filed within AEDPA's one-year statute of limitations. Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." *See* Fed. R. Civ. P. 6(a). Here, the time for Washington to file his § 2255 motion was triggered by the October 6, 1997 denial of certiorari by the Supreme Court. Applying AEDPA's statute of

3

limitations in the light of Rule 6(a) and computing the time from the day following the Court's decision, we conclude that Washington had until October 7, 1998 to file his § 2255 motion.

The district court dismissed Washington's motion because it was not received by the clerk until October 21, 1998. This was in error. We have previously held that a prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). The Government now concedes that the "mailbox rule" should have been applied in this case.[2]

Under the mailbox rule, the burden is on prison authorities to prove the date a prisoner delivered his documents to be mailed. *See Garvey v. Vaughn*, 993 F.2d 776, 781 (11th Cir. 1993). Absent evidence to the contrary in the form of prison logs or other records, we will assume that Washington's motion was delivered to prison authorities the day he signed it, October 6, 1998. The Government has offered no evidence to support a conclusion that the motion was delivered at a later date. Because Washington's motion was delivered to prison authorities within one year of

---

[2]    At the time it moved to dismiss Washington's motion as untimely, the Government failed to call to the attention of the district court either the mailbox rule or the fact that it should be applied in this case.

his judgement of conviction becoming final, the motion was timely and the district court erred in granting the motion to dismiss.

REVERSED AND REMANDED.