[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13313

_____

D.C. Docket Nos. 04-00028-CV-1-DHB
01-00020 CR-1

STANLEY RAY GRACEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 29, 2005)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Stanley Gracey appeals pro se the district court's dismissal of his 28 U.S.C. § 2255 motion as time-barred. After review, we vacate the district court's dismissal and remand the case for further proceedings.

On June 6, 2002, this Court affirmed Gracey's sentence and conviction for conspiracy to possess with intent to distribute methamphetamine. See United States v. Gracey, No. 01-15850 (11th Cir. June 6, 2002). Gracey claims that on August 1, 2003, he gave prison authorities for mailing a copy of his § 2255 motion with sufficient first-class postage. Gracey further alleges that when he did not receive any response from the district court, he contacted the Clerk of Court in writing on September 4, 2003, October 16, 2003, and December 17, 2003. Gracey filed unsigned copies of those letters.

Hearing no response from the Clerk of Court, Gracey next claims that he contacted the district court via telephone. At that time, Gracey claims to have first discovered that his § 2255 motion had not been received. Therefore, on January 31, 2004, Gracey filed, what he claimed to be, a copy of his original § 2255 motion. If Gracey's § 2255 motion is deemed filed on August 1, 2003, when he purportedly delivered it to prison authorities for mailing, it is timely. If, however, his motion is treated as not filed until January 31, 2004, it is untimely.

The district court determined that Gracey was not entitled to equitable tolling of the statute of limitations and therefore dismissed Gracey's § 2255 motion as untimely. However, the district court should have determined whether Gracey was entitled to the benefit of the mailbox rule, not whether he was entitled to some form of equitable tolling.

Under the mailbox rule, a pro se prisoner's § 2255 motion will be deemed filed on the date that the prisoner delivers the motion to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Furthermore, the mailbox rule applies even when the motion "is never received or filed by the court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); see also id. at 1223 ("A prisoner who delivers a document to prison authorities gets the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time.").

However, on this record we cannot determine whether Gracey is entitled to the mailbox rule. Therefore, we remand this case to the district court to determine whether Gracey, in fact, first gave a copy of his § 2255 motion to prison authorities on August 1, 2003. In making this determination, the district court is reminded that this Court has instructed that "the burden is on prison authorities to

3

prove the date a prisoner delivered his documents to be mailed." <u>Washington</u>, 243 F.3d at 1301. Such proof could consist of: (1) a prison log showing no mailing from Gracey on or about August 1, 2003; or (2) proof that no postage was deducted from his account on or about that date. This is not meant to be an exhaustive list, but rather two among many ways the government could establish that Gracey did not mail his petition in a timely manner under the mailbox rule.

The Court vacates the dismissal of Gracey's § 2255 motion and remands this case for further proceedings consistent with this opinion.

VACATED AND REMANDED.