[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10347
Non-Argument Calendar

_____

D. C. Docket Nos. 04-02124-CV-T-17-TGW
and 02-00238-CR-T-1

SANTANA SANCHEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 14, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Santana Sanchez, a pro se federal prisoner, appeals the district court's denial

of his motion to vacate, set aside or correct his sentence, which was filed pursuant

to 28 U.S.C. § 2255.  We AFFIRM.

## I. BACKGROUND

Sanchez, who is serving a 135-month sentence for drug offenses, filed his § 2255 motion on 17 September 2004, and alleged that (1) the district court failed to consider Amendment 591 to the Sentencing Guidelines, (2) the district court enhanced his sentence based on facts neither charged in the indictment nor proven to a jury, and (3) his counsel was ineffective because he failed to present either of these arguments at sentencing or on direct appeal.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this appeal because Sanchez filed his motion in September 2004, after AEDPA's enactment.  The district court, sua sponte, denied the motion because Sanchez had failed to file within one year of the date when his conviction became final, as required by AEDPA.  Specifically, the court determined that (1) Sanchez's conviction became final on 16 September 2003, when the time to file a petition for a writ of certiorari expired; (2) the one-year statute of limitations ran until 16 September 2004; and (3) he filed his § 2255 motion on 17 September 2004, which fell outside of the statute of limitations.  Regarding Sanchez's conviction becoming final on 16 September 2003, the district court found that, because Sanchez had not filed a petition for a writ of certiorari, his judgment

2

became final when the possibility of direct appellate review was exhausted, ninety days from the entry of judgment, which was 18 June 2003. R1-2 at 2-3.

Sanchez then filed a motion for reconsideration and argued that the one-year deadline should have been subject to equitable tolling because exceptional circumstances existed. Specifically, in the weeks leading up to 16 September 2004, the prison in which he was housed was in lockdown because of an incident in the prison and impending hurricanes, and, consequently, he was denied access to the law library and legal supplies. Sanchez filed a second motion for reconsideration in which he reiterated his arguments and further noted that the prison was on lockdown from 8 August to 7 September 2004, and that, because he does not speak or read English, he was required to wait until others were available to help him file this motion. The district court denied both motions for reconsideration.

Sanchez filed a notice of appeal, requested a certificate of appealability ("COA"), and argued that AEDPA provides an exception to the one-year deadline when there is a governmental impediment to filing within that time period. He alleged that the prison's lockdown status constituted such an impediment and that, accordingly, the court should issue a COA.

Sanchez also apparently mailed a letter directly to the district court,

requesting permission to file an untimely § 2255 motion and moving for equitable tolling, which the court denied as improper.[1]   The court noted that, even if it construed the letter as a proper motion for equitable tolling, a remedy would not be appropriate because Sanchez failed to (1) show extraordinary circumstances that were both beyond his control and unavoidable even with due diligence, and (2) demonstrate that the circumstances surrounding his late filing were anything but excusable neglect.  The district court denied the request for a COA, and found that Sanchez had not shown that a reasonable jurist would find either the merits of the underlying claim or the procedural issues debatable.  Our court also denied the request for a COA on the same grounds and determined that Sanchez's failure to file within the one-year statute of limitations indicated that there was no debatable procedural issue.   Sanchez then filed a motion to reconsider,[2] which we granted and stated "appellant's motion for a certificate of appealability is GRANTED on the following issue only: whether the district court erred in dismissing appellant's 28 U.S.C. § 2255 motion as time-barred.  See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)."  R1-24.

On appeal, Sanchez concedes that his § 2255 motion was filed on 17

---

[1]  A copy of that letter is not included in the record on appeal.

[2]  A copy of that motion is not included in the record on appeal.

September 2004, one day after the one-year statute of limitations expired, but he argues that the statute provides for equitable tolling if there was a government impediment preventing timely filing. He contends that, because a government actor, the warden of the prison, imposed sanctions in the form of a prison lockdown, which precluded access to the law library during the time in which he was preparing his motion, extraordinary circumstances beyond his control and unavoidable, even with due diligence, existed. Furthermore, he argues, because his motion was filed only one day late, and the lockdown status lasted for eleven days, the statute of limitations should have been tolled by at least one day.

## II. DISCUSSION

"Appellate review in a [habeas] proceeding is limited to the issues specified in the certificate of appealability . . . ." See Diaz v. Secretary for Dep't of Corrs., 362 F.3d 698, 702 (11th Cir. 2004) (per curiam) (addressing the COA for a § 2254 habeas petition). We review de novo a district court's dismissal of a § 2255 motion as time-barred as well as a district court's finding that equitable tolling does not apply. Jones v. United States, 304 F.3d 1035, 1037 (11th Cir. 2002) (per curiam).

The AEDPA imposes a one-year statute of limitations for filing a § 2255 motion, which begins to run following one of four events, including, "the date on

5

which the judgment of conviction becomes final" and "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(1), (2). We have applied AEDPA's statute of limitations in light of Federal Rule of Civil Procedure 6(a) and held that the statute of limitations begins to run on the day following the date when the conviction became final. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). In that case, where the conviction became final on 6 October 1997, we concluded that the defendant had until 7 October 1998 to file his § 2255 motion. Id. Additionally, the one-year statute of limitations period may be equitably tolled "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). This remedy, however, is extraordinary, and the federal courts typically apply it sparingly. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (discussing 28 U.S.C. § 2244).

In this case, we explicitly granted a COA on the sole issue of "whether the district court erred in dismissing appellant's 28 U.S.C. § 2255 motion as time-barred. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)."

R1-24. Sanchez's conviction became final on 16 September 2003, and, under Washington, he had until 17 September 2004 to file his § 2255 motion. Although Sanchez filed his motion on 17 September 2004, he does not raise any arguments based upon Washington and concedes that his motion was filed one day late. While pro se pleadings are to be construed liberally, Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000), Sanchez failed to brief and argue this issue in any way, and, consequently, has abandoned it, Baker v. Montgomery, 811 F.2d 557, 558 n.1 (11th Cir. 1987).

Sanchez's sole argument on appeal is based on a conflation of equitable tolling and the existence of some government impediment to the filing of his motion, pursuant to § 2255(2). As we have explained, the COA only addressed the issue of whether Sanchez's motion was time-barred in light of Washington; therefore, any arguments relating to equitable tolling or government impediments are not properly before us and should be dismissed. See Diaz, 362 F.3d at 702. Sanchez's argument that the issues of equitable tolling and the time-bar cannot be divorced, since his motion for reconsideration was based exclusively on equitable tolling, is misguided because we sua sponte raised the issue of whether, in view of Washington, Sanchez's motion was time-barred.

Even if we had the authority to address Sanchez's government-impediment

7

argument under § 2255(2), it fails. As we have held in a similar case involving a lockdown, to prevail under this statute, an alleged governmental impediment must be unconstitutional, such as one that is "not reasonably related to legitimate penological interests." Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (internal quotations and citations omitted). Sanchez does not argue that the lockdown status of the prison, because of some unspecified incident and the impending hurricanes, was unconstitutional, or even inappropriate. Furthermore, we have held that "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." Id. Therefore, the lockdown status cannot be considered a § 2255(2) impediment.

Regarding Sanchez's equitable tolling argument, we held in Akins that equitable tolling was not appropriate during periods of various lockdowns, when the movant had over four years prior to the enactment of AEDPA, at least seven months after he obtained a transcript that he deemed necessary to his case, and at least six months after the enactment of AEDPA in which to file his motion. Akins, 204 F.3d at 1089. Prior to the lockdown, Sanchez had nearly eleven months, from 16 September 2003 until 8 August 2004, to file his motion and was in lockdown for only eleven days. Furthermore, he offers no explanation for why he was unable to file within that time, other than a general statement that he does not read or

8

speak English and, thus, had to wait for others to assist him.

Finally, even if Sanchez's § 2255 motion were not time-barred, it appears unlikely that he would succeed on the merits. In his motion, he advanced three arguments: (1) the district court failed to consider Amendment 591 to the Sentencing Guidelines; (2) the district court enhanced his sentence based on facts neither charged in the indictment nor proved to a jury; and (3) his counsel was ineffective because he failed to present either of these arguments at sentencing or on direct appeal. First, Amendment 591 addresses issues under U.S.S.G. § 2D1.2, see U.S.S.G. Supp. App. C, amend. 591, but Sanchez was sentenced pursuant to § 2D1.1. Second, we have held that United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), on which Sanchez presumably bases his second argument, does not apply retroactively to § 2255 cases on collateral review. See Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.) (per curiam), cert. denied, __ U.S. __, 126 S.Ct. 312 (2005). Finally, at the time when Sanchez was sentenced, the Sentencing Guidelines allowed the judge to engage in judicial factfinding. See, e.g., Booker, 543 U.S. at __, 125 S.Ct. at 751. Consequently, it is unlikely that Sanchez's attorney was ineffective for failing to argue either issue.

## III. CONCLUSION

In this appeal, Sanchez argues that the district court erred in denying his § 2255 motion. Because Sanchez fails to argue, as directed in our COA, whether, under <u>Washington</u>, his motion was timely, and actually concedes that his motion was untimely, we **AFFIRM.**