[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12702
Non-Argument Calendar
_____

D. C. Docket No. 04-00049-CV-W-N

WILLIAM LEON ELLIS,

Petitioner-Appellant,

versus

RALPH HOOKS,
Warden,
TROY KING,
The Attorney General of the State of Alabama,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(February 28, 2007)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

William Leon Ellis appeals the district court's denial of his pro se petition for a writ of habeas corpus, 28 U.S.C. § 2254.  We issued a certificate of appealability ("COA") limited to whether  Ellis's petition was timely filed within the one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act of 1996.  Ellis argues on appeal that his habeas petition was timely because he filed state post conviction petitions under Rule 32 in Alabama that tolled the deadline for a § 2254 petition.  Ellis claims that he attached his in forma pauperis application to his second Rule 32 petition, and submitted both to prison authorities on July 26, 2002, early enough to make the instant petition timely.  Ellis argues that the district court improperly relied on the date on a substantial hardship affidavit, August 12, 2002, which he delivered to prison authorities after delivering his Rule 32 petition on July 26, 2002.

We review de novo a district court's decision to dismiss a petition for a writ of habeas corpus, but review the district court's factual findings for clear error. Delancy v. Fla. Dep't of Corr., 246 F.3d 1328, 1329 (11th Cir. 2001).  This standard requires us to affirm a district court's findings of fact unless "the record lacks substantial evidence" to support that determination.  Drew v. Dep't. of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002) (citation omitted).  Further, under clear error review, where there are two permissible views of the evidence, the fact finder's

choice between them cannot be clearly erroneous. Johansen v. Combustion Eng'g, 170 F.3d 1320, 1335 n. 30 (11th Cir. 1999). Lastly, clear error is "a very high standard, and one we would rarely be likely to find." Drew, 297 F.3d at 1290 (citation omitted).

The AEDPA imposes a one-year statute of limitations on all habeas corpus petitions. 28 U.S.C. § 2244(d)(1). The limitations period begins to run on the date that the petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A). A state prisoner's conviction becomes final when the United States Supreme Court denies certiorari or when the 90-day period in which to file a certiorari petition expires, regardless of whether the defendant raised any federal issues in his direct appeal. See Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004). However, the federal habeas statute tolls the limitations period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

A pro se prisoner's collateral action is deemed filed in federal court on the date it is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999). Under this "mailbox rule," the burden is on prison authorities to prove the date a prisoner delivered his documents to be

3

mailed.  <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001).

Absent state-presented evidence to the contrary, such as a prison mail log, we will

presume that the petition was delivered to prison authorities on the date the

petitioner signed it.  <u>Id</u>.  Alabama appellate courts have applied the "mailbox rule"

to the filing of state post-conviction petitions.  <u>Holland v. State</u>, 621 So.2d 373,

375 (Ala. Crim. App. 1993).

The district court did not clearly err in determining that Ellis delivered his

second Rule 32 petition to prison authorities on August 12, 2002.  Ellis only

challenges the district court's determination of the filing date of his second Rule 32

petition.  Ellis's second Rule 32 petition stated that it was given to prison

authorities on July 26, 2002.  The petition was notarized on July 23, 2002.  Ellis's

<u>in forma pauperis</u> declaration was dated July 22, 2002.  Ellis attached an affidavit

of substantial hardship to the <u>in forma pauperis</u> declaration dated August 12, 2002.

The Circuit Court of Alabama received all of these documents on August 14, 2002.

The state presented the district court with Ellis's substantial hardship affidavit,

dated August 12, 2002.  The magistrate relied on this document and the fact that

the Circuit Court received all documents related to Ellis's second Rule 32 petition

on August 14, 2002, to conclude that August 12, 2002, was the date Ellis delivered

the petition to prison authorities.  The substantial hardship affidavit qualifies as

substantial evidence that Ellis delivered his second Rule 32 petition to prison authorities on August 12, 2002. Further, Ellis admitted in two pleadings to the Alabama Court of Criminal Appeals that he filed his second Rule 32 petition on August 15, 2002. The magistrate's choice of the August 12, 2002, date over the petition's stated delivery date of July 26, 2002, was not clearly erroneous, and the district court did not err in adopting the magistrate's decision.

Accordingly, the district court did not err in determining that Ellis's § 2254 petition was time-barred. Ellis's conviction became final on November 16, 2000, because he did not petition the Supreme Court for <u>certiorari</u> within 90 days of his state conviction becoming final on August 18, 2000. Two hundred eight days elapsed before he filed his first Rule 32 petition on June 13, 2001, which tolled the limitations period until the Alabama Court of Criminal Appeals denied his appeal and entered final judgment on May 7, 2002. The limitations period ran another 96 days from May 8, 2002, until Ellis filed his second Rule 32 petition on August 12, 2002. The Alabama Court of Criminal Appeals denied this second petition and entered final judgment on November 7, 2003. As of November 8, 2003, Ellis had 61 days to file a § 2254 petition before the limitations period expired on January 7, 2004. Ellis did not file his § 2254 petition until January 19, 2004, twelve days past the expiration of the limitations period. Therefore, Ellis's § 2254 petition was

5

untimely and the district court did not err.  Accordingly, we affirm.

**AFFIRMED.**