[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 19, 2009
THOMAS K. KAHN
CLERK

No. 09-11749
Non-Argument Calendar

_____

D. C. Docket No. 04-00252-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARRY CRAIG GARVIN,
a.k.a. B,
a.k.a. Scratch,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 19, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Barry Garvin appeals the denial of his motion for a reduced sentence. 18 U.S.C. § 3582(c)(2). Garvin's motion was based on Amendment 706 to the Sentencing Guidelines, as amended by Amendments 711 and 715. Garvin argues that the district court failed to consider all the sentencing factors and grant him a reduction within the adjusted sentencing range. We affirm.

The government responds that we lack jurisdiction to entertain Garvin's appeal, but we disagree. Under the mailbox rule, a notice of appeal filed pro se is treated as filed on the date the inmate delivers his notice to the prison authorities. Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 2382 (1988). The district court entered its order denying Garvin's motion to reduce on March 12, 2009, and Garvin submitted to prison officials a notice of appeal dated March 23, 2009. "Absent evidence to the contrary in the form of prison logs or other records, we . . . assume that [Garvin's] motion was delivered to prison authorities the day he signed it[.]" Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Garvin's notice of appeal was timely.

The district court did not abuse its discretion by denying Garvin's motion to reduce. The district court correctly calculated Garvin's adjusted offense level of 32 that provided a sentencing range between 210 and 262 months of imprisonment. The court next considered the sentencing factors and refused to reduce Garvin's

2

sentence because, "as demonstrated by [Garvin's] prior criminal record," which included one conviction "for aggravated assault, three [convictions] [as a] felon in possession of a weapon, and one [conviction] for drug distribution[,]" Garvin "poses a danger to the public." Although Garvin argues that the district court failed to account for his conduct after sentencing, the court was not required to do so. United States Sentencing Guideline § 1B1.10 cmt. n.1(B) (May 2008) (instructing district courts that they "shall" consider the sentencing factors and "the nature and seriousness of the danger to any person or the community that may be posed by the reduction" and "may consider the post-sentencing conduct of the defendant").

The denial of Garvin's motion for a reduced sentence is **AFFIRMED**.

3