[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 10, 2010
JOHN LEY
CLERK

No. 10-11869
Non-Argument Calendar
_____

D.C. Docket No. 1:98-cr-00117-ASG-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALFRED WAYNE LEE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 10, 2010)

Before BARKETT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Alfred Wayne Lee, proceeding pro se, appeals the district court's denial of

his pro se motion to revise or correct his Presentence Investigation Report ("PSI").

Lee titled his initial motion a "Motion to Request for Injunctive Relief Pursuant to 42 U.S.C. § 1983," and named the United States Probation Office, the Federal Bureau of Prisons ("BOP"), and BOP Director Harley G. Lappin as defendants. In light of this title, the motion was first docketed as a civil motion, but was later reclassified as criminal. The district court denied this motion on February 22, 2010, and Lee filed a Notice of Appeal on April 14, 2010.[1]

## I.

We begin with Lee's contention that we should strike the government's opening brief because the government obtained a seven-day extension to file its brief through fraud. The time prescribed by an order to perform any act, other than the filing of a notice of appeal, may be extended for good cause, even after that time has expired. Fed. R. App. P. 26(b). Also, we may act on a motion under Rule 26(b) without waiting for a response from the nonmoving party. Fed. R. App. P. 27(b). A party adversely affected by the grant of an extension may only challenge that grant by filing a motion to reconsider, vacate, or modify that action. Id.

---

[1] We will presume that Lee filed his notice of appeal on the day he signed it because, as the government concedes, there is no evidence to the contrary. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

2

Here, the government requested additional time after experiencing difficulty locating documents from Lee's record that it deemed necessary for appeal. In his reply brief, Lee argues that this request was made in bad faith. Because Lee did not challenge our decision to grant this extension in a separate motion pursuant to Rule 27(b), however, we are unable to entertain it. See Fed. R. App. P. 27(b) ("Timely opposition filed after the motion is granted in whole or in part does not constitute a request to reconsider, vacate, or modify the [extension of time]; a motion requesting that relief must be filed." (emphasis added)). For this reason, we DENY Lee's request to strike the government's brief.

## II.

We turn next to Lee's underlying motions. The government argues that we lack jurisdiction over Lee's appeal because it was not timely filed. Specifically, the government points out that Lee filed his Notice of Appeal on April 14, 2010, and contends this is well past both the 14-day appeal period provided in Federal Rule of Appellate Procedure 4(b)(1)(A)(I), and the extended time that we are authorized to provide in Rule 4(b). Lee argues, in response, that his motion was originally filed as a civil matter and was therefore subject to the longer window in which to appeal in a civil matter. Specifically, he argues that because the United States is a named party, under Rule 4(a)(1)(B) he is thus entitled to a 60-day

3

window in which to file a Notice of Appeal. Lee filed his Notice of Appeal 51-days after the district court's Order, and as a result under this extended 60-day window, his Notice of Appeal would be timely filed.

"We are required to examine our jurisdiction sua sponte, and we review jurisdictional issues de novo." United States v. Lopez, 562 F.3d 1309, 1311 (11th Cir. 2009) (citations omitted). Even though we have clarified that Fed. R. App. P. 4(b) is not jurisdictional, we must enforce it where the government timely challenges a defendant's Notice of Appeal. Id. at 1314. Here, the government timely challenged Lee's Notice of Appeal, and therefore we must dismiss any aspect of it that is criminal in nature. To the extent that Lee seeks a civil remedy, we conclude that we have jurisdiction to consider his motion. Id.

But even to the extent that Lee's motion can be characterized as a civil action, we affirm the district court's dismissal because he has not pointed to any civil action that would entitle him to relief. Lee's first motion sought relief pursuant to 42 U.S.C. § 1983. Section 1983 is improper, however, because Lee sued only federal actors. See Hartman v. Moore, 547 U.S. 250, 254 n.2, 126 S. Ct. 1695, 1700 n.2 (2006). Nonetheless, because federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory

4

framework," United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990)

(citation omitted), we must consider whether Lee would be entitled to relief if we

recharacterize his motion as one brought pursuant to Bivens v. Six Unknown Fed.

Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999 (1971).

Lee cannot succeed on a Bivens theory.  He seeks a revision to his PSI,

which this Court can effect only by ordering the Probation Office to prepare an

amended PSI.  However, Bivens does not provide a remedy against federal

agencies, F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S. Ct. 996, 1005-06 (1994),

and therefore Lee cannot rely on Bivens to obtain relief against either the Federal

Bureau of Prisons or the United States Probation Office of the Southern District of

Florida.  As a result, even if we recharacterize his motion as one brought under

Bivens, he is still unable to obtain relief.[2]

For the foregoing reasons, we affirm.[3]

AFFIRMED.

---

[2] In rejecting this action, of course, we do not rule that Lee may never obtain relief.  As the government concedes, Lee may in theory be able to raise these claims in a separate 18 U.S.C. § 2555 that is currently on remand to the district court.  We express no opinion as to the merits of that proceeding.

[3] Lee also argues that the district judge abused his discretion in denying Lee's motion for recusal.  Lee has not appealed this order, however, and we therefore will not consider this argument.

5