[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12769
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2011
JOHN LEY
CLERK

D. C. Docket No. 1:01-cr-00104-CB-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKIE DELENO MILLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 30, 2011)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Frankie Deleno Miller, proceeding pro se, appeals the district court's denial of his motion, filed under Federal Rule of Criminal Procedure 41(g), for return of seized property.[1]  Miller seeks the return of real property and funds forfeited in conjunction with his criminal conviction.  The district court found that Miller's motion was barred by the statute of limitations.[2]  We agree.

In considering a district court's denial of a Rule 41(g) motion to return property, we review the district court's legal conclusions de novo and its factual findings for clear error.  United States v. Howell, 425 F.3d 971, 973 (11th Cir. 2005).  We treat Rule 41(g) motions filed after the close of all criminal proceedings "as a civil action in equity" subject to the six-year statute of limitations under 28 U.S.C. § 2401.  See id. at 974; see also United States v. Marchado, 465 F.3d 1301, 1307 (11th Cir. 2006), *abrogated on other grounds by* Bowles v. Russell, 551 U.S. 205, 127 S. Ct. 2360 (2007).  That section provides that "every civil action commenced against the United States shall be barred

---

[1] Before the district court, Miller characterized his motion as one under Federal Rule of Criminal Procedure 41(e), which applies to the issuance of warrants, not the return of property.  However, we "have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial . . . framework."  United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990).  Because Miller seeks a return of seized property, we treat Miller's motion as one under Rule 41(g).

[2] The district court also found that Miller's motion was barred by res judicata, but because we affirm the district court on an alternative basis, we need not review that finding.

unless the complaint is filed within six years after the right of action first accrues."

28 U.S.C. § 2401(a).

Miller filed the instant motion on October 13, 2009,[3] but his right of action

accrued more than six years before that date. The district court entered a

Preliminary Order of Forfeiture ("POF") on November 19, 2001, which

incorporated the terms of the parties' agreement, by which Miller agreed to forfeit

real property and funds in lieu of trying the forfeiture count before a jury. The

district court later amended the POF on March 12, 2003, in light of the sale one of

the parcels of real property Miller agreed to forfeit, and entered a Final Order of

Forfeiture on July 2, 2003. Miller failed to file the instant motion within the six-

year statute of limitations period, even assuming that the latest possible date of

accrual, July 2, 2003, applied.

For these reasons, we AFFIRM the district court's decision denying Miller's

motion.

AFFIRMED.

---

[3] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, there is a presumption that a prisoner delivered his pleadings to prison officials on "the day he signed it." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).