EDMONDSON, Circuit Judge:
This case ■ raises the question of the timely filing by a pro se prisoner of a section 2255 motion. Natson (serving a term of imprisonment without the possibility of parole) had until 4 September 2009 to file a timely motion. His motion— which he signed and he dated 3 September 2009 — was not received by the district court until 23 September 2009.
In Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court decided pro se prisoner notices of appeal to federal courts of appeals are to be considered filed at the moment the notice is delivered to prison authorities for forwarding to the courts.[1] No one in this case disputes this point of law: the law is certain. And in cases like Washington v. United States, 243 F.3d 1299 (11th Cir.2001), this Court extended the Houston time-of-filing rule to pro se prisoner motions to vacate: 28 U.S.C. § 2255. No one in this case disputes this point of law either; the law is certain.
*5 In the Houston opinion (Houston, by the way, involved a state prisoner), the Supreme Court wrote that prison authorities “have well-developed procedures for recording the date and time at which they receive papers for mailing.” Houston, 108 S.Ct. at 2384-85. To us, this observation in the opinion — part of the policy grounds suggested to explain the decision to allow delivery to prison officials as a filing — is a statement of a fact making up the case then before the Houston court.[2] We do not read these quoted words to have been a legal order commanding that the Federal Executive Branch’s Bureau of Prisons must create or maintain a specific kind of record: a contemporaneous mail-received-from-prisoner log for each and all federal places of incarceration.
We also do not understand Houston to have held (or said) that an inquiry about the time-the specific date-of delivery to prison officials is something other than a question of fact. Nor do we understand Houston to hold (or say) that no evidence would be competent to establish the fact of time of delivery, except a contemporaneous mail-reeeived-from-prisoner log (or that such logs could never be disputed). Most important, we do not understand the Supreme Court in Houston to hold (or say) that factual representations, about timing, by convicted felons must be accepted-as a matter of law-as accurate, unless the Executive Branch has one particular piece of evidence in hand to refute the prisoner’s claim.[3]
The legal position we express today does not oppose our Circuit’s precedent. In Washington v. United States, a case relied on by Petitioner, our Court faced a case in which the Government offered “no evidence to support a conclusion that” the pertinent 2255 motion was delivered to prison authorities at a date later than the prisoner-petitioner said and signed. Washington, 243 F.3d at 1301. Thus, Washington decided nothing — could decide nothing, really — about what kinds of evidence could be lawfully used to determine a contest about when a petition had, in fact, been delivered to prison authorities. In the Washington opinion, we wrote (and we accept today) that the Government had the burden to prove the date a petition was delivered was a date other than the date claimed by the prisoner-petitioner; we then added that “[a]bsent evidence to the contrary in the form of prison logs or other records, we will assume that” the prisoner’s motion was delivered to prison officials the day the Petitioner says he signed it.[4] Id. (emphasis added).
In the present case (unlike Washington), the Government did present, in *6 district court, evidence to support a conclusion that the motion was delivered at a later date than Petitioner claims. The evidence was competent to establish untimely filing. Although the Government did not present a log of when the motion was delivered to prison authorities, the Government’s evidence includes prison mailing records. Given the evidence — including records, the district court found that, in fact, the motion was not delivered to prison officials when Petitioner represents that it was, but later. The petition was dismissed as untimely. We see no reversible error.
In support of its motion to dismiss, the Government presented a declaration from M.P., supervisor of the pertinent prison’s mailroom. M.P. gave evidence of the prison’s routine practice. M.P. declared (under penalty of perjury) that, pursuant to prison procedure, prison staff brought outgoing mail to the post office for mailing within 24 hours of receipt from a prisoner. Because Natson’s motion was delivered to the post office on 18 September, M.P. inferred that Natson must have given it to prison staff no earlier than 17 September. Prison records also demonstrated that prison staff delivered certified mail from other prisoners to the post office nine times between 3 September and 18 September.
Based on the records and on the prison’s mailing-within-24-hours routine practice, M.P. indicated that — contrary to Natson’s signature date — Natson did not give his motion to prison staff to be mailed on 3 September. Beyond Natson’s own certification of time about his motion, Natson presented no evidence; for example, he did not offer evidence that the customs and practices in September 2009 for, or records of, forwarding prisoner mail were incorrectly described by the prison staff. On this record, the motion to dismiss was granted.
We accept that, at the moment prison authorities received Petitioner’s 2255 motion, the motion was filed; that principle is the bright line legal rule of Houston. But in the light of all the evidence, we see no clear error in the district court’s factual determination that Natson delivered his motion to prison authorities sometime after 4 September 2009. Thus, the district court properly dismissed Natson’s motion as untimely.
AFFIRMED.[5]

. In Houston, the Supreme Court described the question that the Court was then deciding this way:
The question we decide in this case is whether under Federal Rule of Appellate Procedure 4(a)(1) such notices are to be considered filed at the moment of delivery to prison authorities for forwarding or at some later point in time.
Id. at 268, 108 S.Ct. 2379 (emphasis added).

.The opinions of the Supreme Court are not the United States Code. Every sentence in a Supreme Court opinion is not law. Only the holdings of Supreme Court decisions are law. And the reasoning of Supreme Court opinions is not the holding of the Supreme Court decision. "There is, of course, an important difference between the holding in a case and the reasoning that supports that holding." Crawford-El v. Britton, 523 U.S. 574, 118 S.Ct. 1584, 1590, 140 L.Ed.2d 759 (1998). For background, see Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 399-400, 5 L.Ed. 257 (1821) (Marshall, C.J.).

. There was no question of these issues presented in Houston.
Per Federal Rule of Appellate Procedure 4(c)(1) and the Rules Governing Section 2254 Cases and 2255 Proceedings, we accept that the inmate’s declaration (or notarized statement) is competent evidence to support a judicial finding of timeliness. But we do not understand such declarations, in themselves, to be entirely controlling — as a matter of law — for the question of timeliness, when the substance of the declaration is challenged by other parties and other evidence.

. In Garvey v. Vaughn, 993 F.2d 776 (11th Cir.1993), we extended the Houston rule to *6 Federal Tort Claims Act cases and to section 1983 cases, that is, the complaints are deemed filed when delivered to prison officials by a pro se prisoner. Garvey decided nothing about what kinds of evidence are competent or are not competent to establish, in fact, when the complaints were delivered. Nothing in the appellate opinion indicates that the pertinent governments actually challenged the date that the prisoners contended were the dates that they delivered the complaints.

. To help avoid future disputes of this nature, we strongly encourage prison authorities to adopt procedures to make a record of the date a prisoner delivers outgoing mail to prison staff for mailing. Petitioner says such a procedure was adopted after September 2009 at his place of imprisonment. We understand, of course, that it is highly improbable any record can be made which could not contain an error or which could not be improperly manipulated by someone under some set of circumstances. So, mail logs are inherently just evidence of a date; to us, even a contemporaneous mail-received-from-prisoner log would not necessarily be, as a matter of law, conclusive proof in every case. (We appreciate that-as a practical matter-actual contests about the accuracy of dates set out in such a log might be uncommon.)