[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14461
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20403-DMM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RUDIER JARDINES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 23, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Rudier Jardines, proceeding *pro se*, appeals the district court's denial of his

motion to compel the government to move for a sentence reduction based on

substantial assistance under Federal Rule of Criminal Procedure 35(b).  For the following reasons, we affirm.

In 2009, a grand jury indicted Jardines on five counts of identity-theft offenses.  After pleading not guilty at arraignment, Jardines advised the district court of his intent to change his plea.  The court scheduled a change-of-plea hearing, but Jardines did not appear; instead, he fled to Mexico for nearly two years.  Upon his return in 2011, Jardines pleaded guilty to all five counts in the indictment.  At his guilty-plea hearing, Jardines's counsel acknowledged that there was no plea agreement with the government.

At sentencing on June 21, 2011, the district court adopted the presentence investigation report's sentencing guidelines calculation but varied below the resulting range, ultimately sentencing Jardines to 48 months' imprisonment.[1]  The government did not seek a substantial-assistance sentence reduction at sentencing, nor did it thereafter.

On July 30, 2012,[2] Jardines moved to compel the government to file a Rule 35(b) motion for a sentence reduction.  Rule 35(b) authorizes a district court, "[u]pon the government's motion," to reduce the sentence of a defendant who has provided "substantial assistance in investigating or prosecuting another person."

---

[1]  Jardines did not directly appeal his convictions or sentence.
[2]  Because Jardines is incarcerated and *pro se*, we deem his motion filed on the day he delivered it to prison authorities.  *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

2

Fed. R. Crim. P. 35(b)(1).  Jardines sought to enforce an alleged "deal" with the government to have information he alleged he provided to the prosecutor taken into account at sentencing via U.S.S.G. § 5K1.1 or "sent to the judge for a petition under Rule 35(b)" after sentencing.  He requested an evidentiary hearing on the matter.  Before the government responded, the court denied the motion, reasoning that the court generally cannot force the government to make such a motion, and declining to order the government to do so in this case.  Jardines appealed.

We review *de novo* whether the district court can compel the government to file a substantial-assistance motion.  *See United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993).  Jardines first argues that the government agreed to file a substantial-assistance motion on his behalf at sentencing or via Rule 35(b).  This contention, supported only by conclusory statements in Jardines's affidavit to the district court, is belied by the record.  At his plea hearing, defense counsel stated there was no agreement between Jardines and the government.  And at sentencing, neither Jardines nor his counsel referred to any assistance to the government or requested a downward departure under § 5K1.1.  Jardines provides no explanation for the incongruity between these facts and his subsequent allegation.  We therefore reject his newly-minted assertion that he struck a deal with the government.  *See Lynn v. United States*, 365 F.3d 1225, 1238-39 (11th Cir. 2004)

3

(rejecting conclusory affidavits in a § 2255 proceeding as insufficient to warrant relief or to entitle petitioner to an evidentiary hearing).

In the absence of a promise to do so, the government has the authority – but not the duty – to file a motion to reduce a sentence when a defendant has provided substantial assistance to the government. *Wade v. United States*, 504 U.S. 181, 185 (1992). The district court can review the government's refusal to file a Rule 35(b) motion but may grant relief only upon finding the government's refusal was based on an unconstitutional motive. *Id.* at 185-86. "It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Id.* at 186. "Nor would additional but generalized allegations of improper motive." *Id.*

Jardines cannot establish the government's refusal to file a Rule 35(b) motion was based on an unconstitutional motive. *See id.* at 185-86. Jardines primarily argues the government refused to file the motion as retaliation because he skipped bail. This is clearly inadequate to entitle Jardines to relief or an evidentiary hearing. *See id.* Likewise, his general allegation that the government's failure to move for a reduction was "based on bad faith or other unconstitutional

motive" is flatly insufficient.  *See id.* at 186.[3]  Accordingly, the district court

correctly denied Jardines's motion to compel.

   **AFFIRMED.**

---

[3]  Because Jardines filed his motion more than a year after sentencing, the government was only permitted to file – and, therefore, the district court could only compel the government to file – a Rule 35(b) motion if the court determined that the assistance Jardines provided satisfied Rule 35(b)(2).  Even assuming the assistance Jardines provided meets one of the Rule 35(b)(2) requirements, as set forth herein, Jardines failed to meet his burden in this case.