[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15003
Non-Argument Calendar
_____

D.C. Docket No. 3:08-cr-00053-MEF-SRW-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMARIO HARRIS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 17, 2013)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Lamario Harris appeals the denial of his second motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  In 2008, Harris pled guilty to distribution of five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 96 months in prison.  In December 2011, Harris moved for a reduction of sentence pursuant to § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines, and on February 13, 2012, the District Court reduced the term of his sentence from 96 months to 78 months.  Harris did not appeal the ruling.  On July 9, 2012, Harris filed a second § 3582(c)(2) motion.  The District Court denied the motion on August 15, 2012, noting that it previously had granted his earlier motion.  Harris thereafter filed a notice of appeal on September 19, 2012.

On this appeal, Harris contends that the District Court miscalculated his sentence range under the Guidelines and should have reduced his sentence further. The Government moves to dismiss the appeal on the ground that Harris's notice of appeal was untimely as to both of the District Court's § 3582(c)(2) orders.

We review questions of jurisdiction de novo.  Moreover, we are obliged to review sua sponte whether we have jurisdiction at any point in the appellate process.  United States v. Cartwright, 413 F.3d 1295, 1299 (11th Cir. 2005).  The Supreme Court has held that an appellate court cannot rely on "hypothetical jurisdiction" to resolve contested questions of law when its jurisdiction is in doubt.

Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101, 118 S. Ct. 1003, 1016, 140 L. Ed. 2d 210 (1998). Instead, the court must resolve any jurisdictional questions before it may address the merits of the case before it. Cartwright, 413 F.3d at 1299.

A defendant has 14 days to file a notice of appeal after the entry of an order denying his § 3582(c)(2) motion. Fed. R. App. P. 4(b)(1)(A)(i); see also United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012) (applying Rule 4(b) to an appeal from the denial of a § 3582(c)(2) motion). The time limit in Rule 4(b) is not jurisdictional, United States v. Lopez, 562 F.3d 1309, 1313 (11th Cir. 2009), but if the Government raises the issue of timeliness, we "must apply the time limits of Rule 4(b)." Id. at 1313-14.

The District Court may extend the 14-day time limit of Rule 4(b)(1) upon a finding of good cause or excusable neglect for an additional period not to exceed 30 days from the expiration of the initial appeal period. Fed. R. App. P. 4(b)(4). In criminal cases, we customarily treat a late notice of appeal filed within 30 days of the expiration of the initial appeal period as a motion for extension of time to appeal under Rule 4(b)(4), and we will remand the case to the District Court for a determination as to whether there is good cause or excusable neglect to justify an extension. United States v. Ward, 696 F.2d 1315, 1317-18 (11th Cir. 1983).

A notice of appeal filed, as here, by a pro se prisoner is deemed filed on the date the prisoner delivers it to prison authorities or places it in the prison mail system.  Fed. R. App. P. 4(c).  Absent contrary evidence, we assume that a prisoner's filing "was delivered to prison authorities the day he signed it." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (concluding that a notice of appeal was timely filed where the court received it after the deadline, but where the notice of appeal was delivered to the prison authorities within the appropriate time period).  As noted, supra, Harris signed his notice of appeal on September 19, 2012, well after the expiration of the 14-day time limit of Rule 4(b)(1), which expired on August 29, 2012.

Here, the District Court should have determined whether Harris's late notice of appeal was justified either by excusable neglect or good cause because it was filed within Rule 4(b)(4)'s 30-day period, which expired on September 28, 2012. Therefore, we construe the notice as a motion under Rule 4(b)(4) and remand the case to the District Court to make an "excusable neglect or good cause" determination.  We note that neither the September 19 notice of appeal nor Harris's second § 3582(c)(2) motion could serve to timely appeal the February 13, 2012, order because they were both filed after March 28, 2012, the deadline for filing a motion to extend the time to file a notice of appeal under Rule 4(b)(4).

VACATED and REMANDED, for further proceedings.

4