[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14010
Non-Argument Calendar
_____

D.C. Docket No. 0:97-cr-06007-FAM-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRITZ LAFONTANTE,
a.k.a. Guy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 27, 2016)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Fritz Lafontante, proceeding pro se, appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines.  On appeal, Lafontante argues the district court's denial violated his constitutional rights because it was based on speculative drug–quantity findings.  He further contends he is entitled to appointment of counsel and a lengthier explanation of why his motion was denied. However, we first must address the timeliness of Lafontante's appeal.

"We review de novo whether [Lafontante's] appeal should be dismissed as untimely." *See United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012).

The rules governing criminal cases apply to § 3582(c)(2) proceedings. *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (per curiam).  "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after" the challenged order is entered on the docket.  Fed. R. App. P. 4(b)(1)(A).  A notice of appeal filed by a pro se prisoner is deemed filed on the date the prisoner delivers it to prison authorities or places it in the prison mail system.  *See* Fed. R. App. P. 4(c)(1).  Absent evidence to the contrary, we will assume that a prisoner's filing was delivered to prison authorities on the day he signed it.  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).  The timely filing of a motion for reconsideration "tolls the time for filing a notice of appeal and the time begins to run anew following disposition of the

2

motion." *United States v. Vicaria*, 963 F.2d 1412, 1413–14 (11th Cir. 1992) (per curiam). To extend the time for filing an appeal, the motion for reconsideration "must be filed within the period of time allotted for filing a notice of appeal." *Id*. at 1414. If it is, then the new period of limitation runs from the date on which the motion for reconsideration is denied. *See Id*.

Under Federal Rule of Appellate Procedure 4(b)(4), the district court may grant an extension of time to appeal based on a finding of excusable neglect or good cause. The district court may "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed." Fed. R. App. P. 4(b)(4). In criminal actions, we customarily treat a late notice of appeal as a motion for extension of time and remand to the district court for a determination of excusable neglect or good cause. *See United States v. Ward*, 696 F.2d 1315, 1317–18 (11th Cir. 1983). To qualify for such relief, the notice of appeal must be filed within the additional 30 days during which an extension is permissible. *See id.*; Fed. R. App. P. 4(b)(4).

Here, the district court denied Lafontante's § 3582(c)(2) motion on July 9, 2015, giving Lafontante until July 23, 2015, to file a timely notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A). Instead, Lafontante filed a motion for reconsideration on July 20, 2015, within the timeframe for a timely notice of appeal, thereby extending his time for filing a notice of appeal. *See Vicaria*, 963 F.2d at 1413–14.

3

The district court entered the order denying Lafontante's motion for reconsideration on August 11, 2015, and thus, the 14-day deadline for filing a notice of appeal was reset to August 25, 2015.  *See id.* at 1414.  Lafontante certified that his notice of appeal was delivered to prison authorities for mailing on August 30, 2015.  Therefore, the notice was untimely.  Nevertheless, Lafontante filed his notice within the additional 30 days during which an extension is permissible, and thus, we construe his late notice as a motion for extension of time to appeal.  *See Ward*, 696 F.2d at 1317–18; Fed. R. App. P. 4(b)(1)(A), 4(b)(4).  The district court denied Lafontante's notice of appeal, but it is unclear whether the court treated the notice as a request for an extension of time.  Based on this record, we must vacate and remand for the district court to consider whether an extension based on excusable neglect or good cause is warranted.  *See* Fed. R. App. P. 4(b)(4) (granting the power to extend the time to file solely to the district court).

**VACATED AND REMANDED**.

4