[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10321

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARIO BRADLEY, JR.,
a.k.a. Mobile,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:21-cr-00028-MW-MJF-1

_____

Before BRANCH, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Mario Bradley appeals his sentence for possession with intent to distribute a mixture of methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), (b)(1)(C) and 851, and unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Bradley asserts the district court erred when it orally pronounced it was imposing "standard conditions" of supervised release but did not describe those conditions until it entered a written judgment against Bradley.  The Government contends in response that we should dismiss Bradley's appeal as untimely filed.

The district court entered written judgment against Bradley on December 2, 2022.  On January 24, 2023, Bradley mailed a *pro se* letter titled "Appeal Rights" to the district court, which the district court construed as a notice of appeal. *See* Fed. R. App. P. 4(c); *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (explaining under the "prison mailbox rule," a *pro se* prisoner's notice of appeal is deemed filed on the date that it is delivered for mailing if he mails the notice using the institution's internal mail system); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (stating absent contrary evidence, we assume a prisoner's filing was delivered to prison authorities on the day he signed it).

To be timely, a criminal defendant's notice of appeal must be filed within 14 days after entry of the judgment or order being

appealed.  Fed. R. App. P. 4(b)(1)(A).  A district court may extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the 14-day time limit.  Fed. R. App. P. 4(b)(4). These court-adopted rules of procedure, which do not derive from statute, are not jurisdictional.  *See United States v. Lopez*, 562 F.3d 1309, 1312-13 (11th Cir. 2009).  However, where the Government objects to an untimely notice of appeal and has not forfeited that objection, we "must apply the time limits of Rule 4(b)."  *Id.* at 1314. The Government may object to the timeliness of an appeal for the first time in its merits brief.  *Id.* at 1313.

Bradley's notice of appeal was filed 53 days after the entry of judgment, outside both the 14-day window following entry of judgment as well as the 30-day window within which the district court could have extended the time for filing a notice of appeal. Fed. R. App. P. 4(b)(1)(A); (b)(4).  The Government objected to the timeliness of Bradley's notice of appeal in its merits brief.  Thus, we apply the time limits of Rule 4(b).  *See Lopez*, 562 F.3d at 1312-14.

Accordingly, Bradley's appeal is hereby **DISMISSED** as untimely.