**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12672

Non-Argument Calendar

_____

TABITHA MCKENZIE,

*Plaintiff-Appellant,*

*versus*

CHIEF JUDGE OF THE FOURTEENTH
JUDICIAL CIRCUIT,
CASEY T. BARREN,
  Lawyer for DCF,
LISA TANNER,
  Case Manager,

*Defendants-Appellees,*

BRITTNEY BAXTER,
  Case Manager,

*Defendant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:23-cv-00470-MW-MJF

_____

Before JORDAN, ROSENBAUM, and ABUDU, Circuit Judges.

PER CURIAM:

Tabitha McKenzie, a state prisoner proceeding pro se, filed a notice of appeal that we liberally construe as challenging the district court's December 17, 2024 order and judgment dismissing her claims without prejudice and closing the case. *See* Fed. R. App. P. 3(c)(7) ("An appeal must not be dismissed for informality of form or title of the notice of appeal . . . ."); *Rinaldo v. Corbett*, 256 F.3d 1276, 1278-80 (11th Cir. 2001) (explaining that we liberally construe the requirements of Rule 3); *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (explaining that we liberally construe pro se filings).

However, the notice—deemed filed on July 10, 2025 under the prison mailbox rule—is untimely. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), (c)(1); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (explaining that, in civil cases, the timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction).