[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 25, 2011
JOHN LEY
CLERK

No. 10-13109
Non-Argument Calendar

_____

D.C. Docket No. 2:02-cr-00007-MEF-CSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY CARTER, JR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(January 25, 2011)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Jimmy Carter, Jr., a federal prisoner convicted of several drug offenses

involving cocaine hydrochloride and cocaine base, appeals pro se the district court's

denial of his motion to reduce his total sentence, pursuant to 18 U.S.C. § 3582(c)(2).

On appeal: (1) the government argues that we lack jurisdiction over this appeal; and (2) Carter argues that the district court abused its discretion by denying his § 3582(c)(2) motion to reduce his sentence, pursuant to Amendment 706 of the Sentencing Guidelines. After careful review, we affirm.

We review jurisdictional issues de novo. United States v. Lopez, 562 F.3d 1309, 1311 (11th Cir. 2009). In § 3582(c)(2) proceedings, we review a district court's conclusions about the scope of its legal authority de novo. United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

As an initial matter, we reject the government's claim that because Carter's notice of appeal was untimely, we do not have jurisdiction over this appeal. A defendant's notice of appeal in a criminal case must be filed in the district court no later than 14 days after the challenged order is entered. Fed.R.App.P. 4(b)(1)(A); see United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (holding that the rules governing criminal cases apply to § 3582(c)(2) proceedings). Unlike civil appeal rules, the deadline in Rule 4(b) for criminal defendants is not jurisdictional because it is not grounded in a federal statute. Lopez, 562 F.3d at 1311-13. Nevertheless, we must apply Rule 4(b)'s time limits upon objection by the government to a defendant's untimely notice of appeal, which the government may raise for the first time in its

2

brief on appeal. Id. at 1313-14. Under the "prison mailbox rule," a pro se prisoner's court filings are considered filed on the date they are delivered to prison authorities to be mailed. Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir.), cert. denied, 129 S.Ct. 2747 (2009). Absent evidence to the contrary, there is a presumption that a prisoner delivered his pleadings to prison officials on "the day he signed it." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

Although not expressly authorized by the Federal Rules of Criminal Procedure, a motion for reconsideration of an appealable criminal order will toll the time for filing a notice of appeal, and the time will begin to run anew if such motion is filed within the appeal period. United States v. Dieter, 429 U.S. 6, 8-9 (1976); United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir. 1992). Here, the district court denied Carter's § 3582(c)(2) motion on May 7, 2010. Carter filed a motion for reconsideration or rehearing, signed on May 17, within the 14-day appeal period. Fed.R.App.P. 4(b)(1)(A); Washington, 243 F.3d at 1301. The district court denied Carter's motion for reconsideration or rehearing on June 15. Carter then filed a notice of appeal, signed on June 22, within the new 14-day appeal period.

Fed.R.App.P. 4(b)(1)(A); Washington, 243 F.3d at 1301. Consequently, Carter's notice of appeal was timely.[1]

Turning to the merits, we are unpersuaded by Carter's claim that the district court erred by denying his § 3582(c)(2) motion. Under § 3582(c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Thus, § 3582(c)(2) does not permit a reduction in a defendant's imprisonment term if a retroactive amendment does not have the effect of lowering the defendant's applicable guidelines range. Id.; U.S.S.G. § 1B1.10(a)(2). Moreover, a § 3582(c)(2) proceeding does not constitute a de novo resentencing and "all original sentencing determinations remain unchanged with the

---

[1] In United States v. Phillips, 597 F.3d 1190 (11th Cir. 2010), the district court had initially granted § 3582(c)(2) relief and reduced the defendant's sentence to 324 months' imprisonment, but after the government filed a motion for reconsideration, it granted the government's motion and reimposed the defendant's original sentence of 360 months' imprisonment. Id. at 1192-94. On appeal, we concluded that the district court did not have jurisdiction after seven days had passed to modify and vacate Phillips's 324-month sentence imposed on resentencing, in part because "Section 3582(c)(1)(B) does not include a ten-day motion for reconsideration as an exception to the sentence modification prohibition." Id. at 1200-01. Notably, the government has not argued in this case that based on Phillips, Carter's motion for reconsideration did not toll the time to appeal since the district court lacked jurisdiction to rule on it. But in any event, the district court here initially denied § 3582 relief, unlike in Phillips, where the district court initially granted § 3582 relief and the motion for reconsideration therefore asked the court to correct a resentencing error.

4

sole exception of the guideline range that has been amended since the original sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis omitted).

The Sentencing Commission has made both Amendments 706 and 484 retroactive. U.S.S.G. § 1B1.10(c); see United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) (noting that a Sentencing Guidelines amendment may be applied retroactively only when it is expressly listed in § 1B1.10(c)). Amendment 706, made retroactive by Amendment 713 in 2008, reduced the base offense level by two levels for most cocaine base offenses. U.S.S.G. App. C, Amends. 706, 713; United States v. Douglas, 576 F.3d 1216, 1218 (11th Cir. 2009). On the other hand, Amendment 484, which the Sentencing Commission made effective on November 1, 1993, had the effect of excluding certain substances from a defendant's drug quantity calculation. U.S.S.G. App. C, Amend. 484.

First, the district court did not err in finding that Amendment 706 did not lower Carter's applicable guidelines range. At his original sentencing hearing, the court adopted the PSI and found Carter responsible for at least 30 kilograms of cocaine base. Because Carter's offense involved more than 4.5 kilograms of cocaine base, Amendment 706 did not lower his applicable guidelines range. United States v. Davis, 587 F.3d 1300, 1303 (11th Cir. 2009) (noting that Amendment 706 did not

lower defendants' base offense levels if they are responsible for more than 4.5 kilograms of cocaine base), cert. denied, 130 S.Ct. 2129 (2010). Accordingly, the district court properly determined that Carter was ineligible for § 3582(c)(2) relief under Amendment 706. U.S.S.G. § 1B1.10(a)(2).

In terms of Amendment 484, because the district court sentenced Carter in 2003, Amendment 484, which became effective in November 1993, is not a "subsequent" amendment within the meaning of § 3582(c)(2). Thus, the district court did not have authority to reduce Carter's sentence under Amendment 484. 18 U.S.C. § 3582(c)(2); United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (stating that a motion could be addressed under § 3582(c)(2) only if the appellant was arguing that his sentence should be modified "based on a subsequent sentencing guideline amendment").

Finally, to the extent that Carter challenges the district court's finding at sentencing that his offenses involved at least 30 kilograms of cocaine base, his argument fails because a § 3582(c)(2) proceeding is not a de novo resentencing, and "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Bravo, 203 F.3d at 781. Consequently, because Carter does not point to an applicable amendment that would allow him to challenge the district court's drug quantity

6

calculation, he cannot challenge that finding through a § 3582(c)(2) proceeding. <u>Id.</u>

Similarly, Carter's claim that the court violated <u>Apprendi v. New Jersey</u>, 530 U.S.

466 (2000), is unavailing because <u>Apprendi</u> did not involve a retroactively applicable

guideline amendment and it did not provide an independent jurisdictional basis to

reduce Carter's sentence. <u>See</u> <u>United States v. Moreno</u>, 421 F.3d 1217, 1220 (11th

Cir. 2005) (explaining that, because § 3582(c)(2) does not provide a basis for a <u>de</u>

<u>novo</u> resentencing, Supreme Court decisions by themselves do not provide §

3582(c)(2) relief because they are not retroactively applicable guidelines

amendments).[2]

    **AFFIRMED.**

---

[2] Because Carter does not challenge on appeal the district court's denial of his motion for reconsideration, he has abandoned any argument in that respect. <u>See</u> <u>United States v. Nealy</u>, 232 F.3d 825, 830-31 (11th Cir. 2000) (noting that issues not raised on appeal are abandoned).