[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-13046

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDRES FELIPE MACHADO OVIEDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cr-00456-JSM-CPT-4

_____

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Andres Felipe Machado Oviedo, a federal prisoner proceeding with counsel, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018. He argues that the district court abused its discretion in denying his motion. The government moved to dismiss the appeal as untimely, and we carried the motion with the case. After careful review, we grant the government's motion.

## I.

Oviedo pled guilty to (1) conspiracy to possess with intent to distribute and to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States and (2) possession with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States. The court sentenced Oviedo to 120 months' imprisonment and five years' supervised release.[1]

Years later, Oviedo filed the instant *pro se* motion for compassionate release under the First Step Act. He asserted that COVID-19 was rampant where he was housed and that his medical

---

[1] Oviedo later moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court denied the motion.

conditions put him at particular risk of complications from contracting COVID-19 such that he had demonstrated extraordinary and compelling reasons warranting his release. He explained that he had "severe respiratory distress, orthostatic hypertension, pneumonia cephalalgia (headaches), depression, weak immune system, and lung damage[]" due to a previous COVID-19 infection, all of which put him at increased risk of contracting the virus again and suffering particularly serious symptoms from reinfection. Doc. 112 at 8.[2]

On June 11, 2021, following the government's response, the district court denied the motion, concluding that Oviedo failed to show extraordinary and compelling reasons for release. The court also explained that it had considered the 28 U.S.C. § 3553(a) factors, concluding that they did not support Oviedo's release.

Oviedo then filed a motion for leave to reply to the government's response. The district court denied the motion as moot.

On July 20, 2021, Oviedo filed a *pro se* "Motion for Appeal," which initiated Appeal No. 21-12541 ("First Appeal"). He did not clearly indicate which order he was appealing, but the district court docketed his filing as a notice of appeal from the order denying his motion for compassionate release. On August 27, 2021, Oviedo filed a second "Motion for Appeal," which initiated the instant appeal ("Second Appeal"). He asked the court to "grant [the] motion

---

[2] "Doc." numbers are the district court docket entries.

for the reasons stated below in the judgment of this case" but did not include in the filing any reasons for granting his motion.

We issued a jurisdictional question to the parties, asking them to address (1) what order or orders the Second Appeal intended to appeal and (2) whether the Second Appeal was duplicative of the First Appeal, such that either appeal should be dismissed.

The government responded to the jurisdictional question, arguing that we should dismiss Oviedo's Second Appeal because the notice of appeal was ambiguous and did not comply with Federal Rule of Appellate Procedure 3. The government contended that there were no orders or judgments on the district-court docket from which Oviedo could have taken a valid appeal, including the February 2018 criminal judgment. The government also asserted that an appeal from the order denying Oviedo's motion for compassionate release would be duplicative of the First Appeal. The government did not argue that Oviedo's notice of appeal was untimely to challenge the order denying compassionate release.

We later clerically dismissed Oviedo's First Appeal for want of prosecution because he failed to file a timely merits brief. Then, we construed from the government's response to the jurisdictional question a motion to dismiss Oviedo's Second Appeal as untimely, granted the motion, and dismissed the appeal in part.[3] We

_____

[3] We determined that his appeal was untimely as to his February 2018 criminal judgment and his § 2255 motion.

21-13046               Opinion of the Court                    5

concluded that Oviedo's Second Appeal could proceed solely as to the district court's orders denying his motion for compassionate release and denying as moot his motion for leave to file a reply in support of his motion for compassionate release. We noted that the Second Appeal was not duplicative of the First Appeal because the First Appeal had been clerically dismissed.

Oviedo filed his initial brief, challenging the district court's denial of his motion for compassionate release.[4] Before filing its response brief, the government filed the instant motion to dismiss Oviedo's Second Appeal as untimely. The government argued that Oviedo's notice of appeal—filed on August 27, 2021—was filed more than two months after the 14-day deadline to appeal the denial of his motion for compassionate release had passed.[5] We ordered that the government's motion to dismiss be carried with the case.

II.

To be timely, a criminal defendant's notice of appeal must be filed within 14 days[6] after entry of the judgment or order being

---

[4] In his initial brief, Oviedo failed to challenge the district court's denial of his motion for leave to reply to the government's response and has thus abandoned the issue. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

[5] Oviedo did not respond to the government's motion.

[6] Under the "prison mailbox rule," a *pro se* prisoner's notice of appeal is deemed filed on the date that it is delivered for mailing if he uses "the

appealed. Fed. R. App. P. 4(b)(1)(A). "Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4).

The Rule 4(b)(1)(A) time limit is not jurisdictional and instead represents a claim-processing rule. *United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009). Nevertheless, if the government objects to the timeliness of a criminal appeal, we "must apply the time limits of Rule 4(b)." *Id.* at 1313–14. "Unlike jurisdictional rules, mandatory claim-processing rules may be forfeited if the party asserting the rule waits too long to raise the point. If a party properly raises them, however, they are unalterable." *Manrique v. United States*, 137 S. Ct. 1266, 1272 (2017) (internal quotation marks omitted). The government can properly raise the timeliness argument "for the first time" in its response brief on appeal. *Lopez*, 562 F.3d at 1313. "There is no provision in the Federal Rules of Criminal Procedure or the Federal Rules of Appellate Procedure requiring earlier objection to a late notice of appeal." *Id.* (internal quotation marks omitted).

---

institution's internal mail system." *See* Fed. R. App. P. 4(c); *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent contrary evidence, we will assume that a prisoner's filing was delivered to prison authorities on the day that he signed it. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

In *Lopez*, the period for filing a notice of appeal had expired on February 21, 2007, the 30-day period for extending the time to file a notice of appeal had expired on March 23, and Lopez, acting *pro se*, filed his "Motion for Appeal" on March 29. *Id.* at 1310–11. Initially, we *sua sponte* dismissed Lopez's appeal for lack of jurisdiction, but on remand from the Supreme Court, we acknowledged that the deadline in Federal Rule of Appellate Procedure 4(b) for a defendant to file a notice of appeal in a criminal case was not jurisdictional. *Id.* at 1311–13. We then addressed whether the government had forfeited its objection to Lopez's untimely notice of appeal by failing to raise that issue before the district court. *Id.* at 1313–14. We determined that the government had not forfeited its objection to Lopez's notice of appeal, reasoning that the district court, divested of jurisdiction once the notice of appeal was filed, was not "the appropriate arbiter of the issue" of the notice's timeliness—this Court was. *Id.* at 1313. Thus, the government's objection to the notice of appeal properly was directed to this Court in the first instance. *Id.*

Here, the government did not forfeit its timeliness challenge by failing to raise that issue in its response to our jurisdictional question. *See id.* Because the government properly raised the timeliness issue, we must apply the time limits of Rule 4(b). *See id.* at 1313–14. Oviedo failed to file his notice of appeal within 14 days after the district court's order denying his motion for compassionate release, or within the 30 days after that 14-day period, during which the district court could have extended the time for filing a

8                       Opinion of the Court                       21-13046

notice of appeal for excusable neglect or good cause. *See* Fed. R. App. P. 4(b)(1)(A), (b)(4). Accordingly, the government's motion to dismiss is **GRANTED**, and Oviedo's appeal is **DISMISSED as untimely**.[7]

---

[7] Even if we were to reach the merits, we would affirm the district court. The district court did not abuse its discretion in denying Oviedo's motion for compassionate release because the court correctly concluded that Oviedo had not shown "extraordinary and compelling" reasons justifying compassionate release. *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2018); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).